UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

EDWIN LEWIS, II,
            *Defendant-Appellant.*

No. 00-4644

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-98-628)

Submitted: April 30, 2002

Decided: June 6, 2002

Before LUTTIG, WILLIAMS, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Christopher J. Moran, Columbia, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Eric Wm. Ruschky, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Edwin Lewis, II pleaded guilty to one count of corruptly obstructing and impeding the due administration of the internal revenue laws, pursuant to 26 U.S.C.A. § 7212(a) (West Supp. 2001), and was sentenced to thirty months imprisonment and a $7500 fine. On appeal, Lewis challenges the district court's sentencing findings and asserts that the Government withheld evidence and that there are errors in the presentence report. We affirm.

The district court's application of sentencing guidelines is reviewed for clear error as to factual determinations; legal questions are subject to de novo review. *United States v. Blake*, 81 F.3d 498, 503 (4th Cir. 1996). Lewis contends that the wrong sentencing guideline was selected to determine his sentence. We agree with the district court's conclusion that a violation of the omnibus section of 26 U.S.C.A. § 7212(a) that does not involve the use of force or a weapon is sentenced in accordance with U.S. Sentencing Guidelines Manual § 2T1.1 (2000), with reference to the tax table under U.S.S.G. § 2T4.1. Accordingly, this claim lacks merit.

Lewis further asserts that the district court's calculation of his tax loss was erroneous. The district court's factual determination of the tax loss is reviewed for clear error. *Blake*, 81 F.3d at 503. The district court's finding was supported by the testimony of Agent Chardoes of the Internal Revenue Service, who was involved in the audit of Lewis's tax returns, and Lewis has failed to demonstrate that the district court's reliance on this testimony was clearly erroneous. Thus, we reject Lewis's challenge to the computation of his tax loss.

In Lewis's pro se brief, he contends in a conclusory manner that there may be new evidence that was not revealed by the Government and that there were errors in the presentence report. These claims are unsupported by Lewis's pro se brief, counsel's brief, or the record. Thus, we find these issues meritless.

In accordance with *Anders v. California*, 386 U.S. 738 (1967), we have reviewed the entire record and have found no meritorious issues

for appeal. We therefore affirm Lewis's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because, despite the fact that the facts and legal contentions are inadequately presented in the materials before the court, argument will not aid in the decisional process.

*AFFIRMED*